**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Hilda Montero** | : | |
| **642 St. Joseph Street** | : | |
| **Lancaster, PA 17603** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **NO.:** |
| **vs.** | : | |
| | : | |
| **Nordstrom Fulfillment Center** | : | |
| **30 Distribution Drive** | : | |
| **Elizabethtown, PA** | : | **PLAINTIFF REQUESTS A TRIAL** |
| | : | **BY JURY** |
| | : | |
| **Defendant** | : | |
| | : | |

---

## COMPLAINT

### I.  PRELIMINARY STATEMENT:

1.  This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Issac Morales.  Plaintiff was an employee of Defendant, NORDSTROM FULFILLMENT CENTER, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.  This action arises under the Americans with Disabilities Act ("ADA").

1

## II.   <u>JURISDICTION AND VENUE</u>

**3.**   The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA.

**4.**   The Eastern District of Pennsylvania has general jurisdiction over the Defendant.


## III.   <u>PARTIES</u>

5.   The Plaintiff herein is Hilda Montero, former employee of the Defendant.

6.   The Defendant herein is NORDSTROM FULFILLMENT CENTER, and any corporate entities that own or operate the location Plaintiff worked.  At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA.

## IV. <u>UNDERLYING FACTS</u>

7.   The Defendant, upon information and belief, employed 15 or more persons when the unlawful conduct alleged in this Complaint occurred.

8.   At all relevant times, Plaintiff performed her job well.

9.   On or about October 14, 2019, Plaintiff was injured her leg while picking a package off of a conveyor belt.

10. Plaintiff told her manager about the injury, who told her to go back to work.

11. Plaintiff finished the rest of the day on her injured leg.

12. Plaintiff then worked a full day the following day, and again told a different manager she was injured in a work related incident.

13. Plaintiff also asked if a report was done about her injury.

14. The manager confirmed a report was done, and told Plaintiff she could go home if she wanted to but she would accrue points.

15. A few days after the incident, a medical professional on site came and asked Plaintiff about her knee.

16. The medical professional told Plaintiff it looked swollen, and suggested she take time off of work.

17. Later that week, Plaintiff asked for a reasonable accommodation of working on a floor that didn't require climbing stairs.

18. Her manager told her he would only grant it one day without a doctors note.

19. Subsequently, Plaintiff went to a doctor who looked at her knee.

20. Plaintiff was subsequently diagnosed with a torn meniscus.

21. Plaintiff's doctor told her she needed to stay off of it, and Plaintiff was forced to call out of work in order to rest her injured knee.

22. On her third day out of work, Plaintiff was terminated.

23. Plaintiff's torn meniscus was a disability under the ADA.

24. Defendants knew Plaintiff was disabled, and/or perceived her as disabled.

25. Plaintiff requested multiple reasonable accommodations to be able to work with this disability.

26. Plaintiff's termination was caused by her disability, perceived disability, and request for a reasonable accommodation.

27. Plaintiff's termination violated the ADA.

## COUNT I

## DISCRIMINATION UNDER
## AMERICANS WITH DISABILITIES ACT

28. Paragraphs 1-27 are incorporated herein as if set forth at length.

29. Plaintiff qualified as disabled under ADA because her injuries interfered with multiple major life activities, including walking.

30. Plaintiff was also perceived as disabled under the ADA, because her supervisors and medical professionals working for Nordstrom knew of her injury, saw her injury, and one even recommended she seek medical treatment.

31. Plaintiff was terminated because of his disability / perceived disability.

32. First, Plaintiff was terminated because of her disability/perceived disability, in violation of the ADA.

33. Second, Plaintiff was terminated for requesting a reasonable accommodation, in violation of the ADA.

34. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

## PRAYER FOR RELIEF

35. Plaintiff incorporates paragraphs 1 through 34  as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

4

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Plaintiff seeks injunctive relief, including but not limited to Defendant ending its discriminatory practices against disabled employees, changes to Defendant's human resources policies, reinstatement of the Plaintiff, and other injunctive relief allowable under the ADA.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.